## CIRCUIT COURT OF LOUDOUN COUNTY

Richard A. Rogers et al.

v.

Loudoun County
Board of Supervisors et al.

November 20, 1995

Case No. (Chancery) 16531

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the appeal pursuant to Section 6-1909 of the Loudoun County Zoning Ordinance and Section 15.1-503.2 of the Code of Virginia from a decision of the Board of Supervisors of Loudoun County to issue a Certificate of Appropriateness to William R. Hornbeck and Margaret W. Hornbeck, his wife, for the construction of a residence and a barn on Lot 8, Shelburne Glebe, which is located in the Goose Creek Historic District of Loudoun County.

The appellants are Richard A. Rogers and Sally Rogers, his wife, who are the owners of other adjacent lots, including the Manor House, of Shelburne Glebe. They appeal contending that the Board's decision was arbitrary and an abuse of discretion.

Upon consideration of the pleadings, the briefs, the argument of counsel on 14 November 1995 and Certified Record filed with the Court on 10 October 1995 by the Board of Supervisors, the decision of the Board of Supervisors is affirmed without the need of the Court's taking any evidence or a view of the property.

The Court assumes, without deciding, that the Appellants have standing to appeal under Section 6-1909 of the Zoning Ordinance.

Neither the Zoning Ordinance nor the state statute address the taking of evidence by the circuit court in its review of the Board's decision. No

party presented any authority or legislative history on this issue. Therefore, the decision to take evidence must lie in the discretion of the Court.

The allegations of arbitrariness and abuse of discretion set forth in the Appeal filed 31 August 1995 and the Appellants' Briefs are very general and very broad, but it is clear to the Court after Mr. Foote's argument on 14 November 1995 that the Appellants' assertions relate to the Hornbeck's proposed house and barn and their screening (or "concealment" to use the word found in the Historic District Guidelines) from the Manor House owned by the Appellants. The Certified Record clearly shows that both the Historic District Review Committee and the Board of Supervisors considered both siting and screening in their consideration of the criteria for the issuance of a Certificate of Appropriateness under Section 6-1905 of the Zoning Ordinance.

Each of the six findings attached to the resolution of the Board passed on 2 August 1995 refer to siting or screening. The Appellants do not allege that the location of the improvements are not permitted by law (Mr. Foote made it clear during his argument that the Appellants do not argue that the Board's decision is contrary to law) or that the screening required by the Board's decision provides no concealment at all. The Historic District Guidelines appear to require "some concealment" only when the new dwellings are placed on knolls or ridge lines (see page 113 of the Guidelines and the 21 August 1989 resolution of the Historic District Review Committee).

There appears to be evidence in the Record that the sites are not on a knoll or ridge line; therefore, it can be argued that the Committee and the Board went beyond what could be required by requiring screening.

The location of the proposed residence and barn fall within the "building envelope" of Lot 8. Assuming without deciding that the "building envelope" is not an area in which the Hornbecks have a right to build, but only an area "generally appropriate" for construction (see the 21 August 1989 resolution of the Historic District Review Committee), a decision to allow construction in the "building envelope" cannot be said to be arbitrary or an abuse of discretion unless evidence is presented to show otherwise.

It is, therefore, incumbent on the Appellants to allege specific facts to show that allowing the Hornbecks to build the residence and barn inside the "building envelope" is arbitrary and an abuse of discretion. They have alleged no such facts. They merely allege in conclusory terms that the location of the house and barn in view of the Manor House is not "archi-

tecturally compatible" with the preservation of the historic Shelburne Glebe.

There is nothing in the County ordinance or the Historic District Guidelines that require specifically the preservation of the historic character of the Shelburne Glebe or that require that no other structure in the Glebe may be within the view of the Manor House. There is no requirement that the location of any structure on Lot 8 of the Glebe must be satisfactory to the owner of the Manor House. The Appellants appear to feel that the proposed structures must be "architecturally compatible" with the preservation of the historic character of Shelburne Glebe, including preservation of the viewshed of the Manor House, but that is not what is provided in Section 15.1-503.2(A)(1) of the Code of Virginia or Section 6-1905 of the Zoning Ordinance. The statute and the ordinance require the proposed structure to be "architecturally compatible" with "historic landmarks, buildings or structures" in the historic district.

To the extent that proposed location, concealment or effect on the viewshed may be involved in the aforesaid "architecturally compatible" standard, the Committee and the Board completely explored all three. The Appellants had ample opportunity to make their views known on the siting and screening issues to the Committee and the Board. They had the services of two landscape architects and counsel who expressed their views and opinions to each body. The Appellants merely want another opportunity in a different forum to convince the decision-maker on a fairly debatable issue to reach a decision in their favor.

The Record is extensive. It shows that the issues of siting and screening were considered by a Committee composed of individuals chosen for their expertise in the area. Land use decisions fall within the realm of the legislature, and that is rightly where they should be made. Courts should become involved only if, and to the extent, the law permits. Here the standard is one of arbitrariness and abuse of discretion.

The Board's decision comes to the Court with a presumption of correctness. It should not be disturbed if the issue is fairly debatable. The Appellants approach to the Hornbeck's application from their initial submission in December 1994 shows that the issues are fairly debatable. The Appellants' complaints are ones of location and screening — exactly where and how much. The Hornbecks made concessions in light of the Appellants' views, e.g. moving the house location 200 yards further east as they suggested. Even at a Committee meeting Appellants' counsel admitted that the location was "real close but not yet there." (Minutes of Meeting of His-

toric District Review Committee on 11 July 1995, page 4). This shows that the issue is fairly debatable. If the location of the improvements is "close," it cannot be arbitrary and an abuse of discretion.

Mr. and Mrs. Rogers have neither alleged nor argued anything that tends to show that the Board's decision is arbitrary and an abuse of discretion. Hence, there is no need for the Court to receive evidence or view the property. Everything in the Record and asserted by Mr. and Mrs. Rogers shows nothing more than contested issues over which reasonable persons could have differing opinions. These issues are ones most properly decided by the Historic District Review Committee or the Board of Supervisors on appeal. Each body fully considered the issues within the parameters set by law.

In light of the Court's ruling, the Appellants' Motion to Compel and for a view by the Court is denied.